**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Texas Precious Metals, LLC,
Plaintiff,
v.
Scottsdale Mint, LLLP,
Defendant.

No. CV-26-00427-PHX-SMB

**ORDER**

Pending before the Court is Defendant Scottsdale Mint, LLLP's ("Scottsdale Mint" or "Defendant") Motion to Dismiss Plaintiff Texas Precious Metals, LLC's ("TPM" or "Plaintiff") Complaint. (Doc. 20.) The Motion has been fully briefed. For the following reasons, the Court **grants** Defendant's Motion.

## I. BACKGROUND

This case stems from Scottsdale Mint's alleged infringement of TPM's trademarks, unfair competition, and breach of the implied covenant of good faith and fair dealing. (Doc. 1 at 2 ¶ 1.) TPM and Scottsdale Mint both deal in precious metals. (Doc. 1 at 2.) TPM alleges it uses a silhouette of the state of Texas as a "service mark" on its precious metals products such as rounds and bars. (Doc. 1 at 2 ¶ 2.) TPM has four registered trademarks with specific registration numbers. (Doc. 1 Exhibit 4.) Scottsdale Mint sold products to a Texas company in December 2025 that TPM alleges infringe on its trademarks. (Doc. 20, Exhibit A, at ¶ 12.)

In the Complaint, Plaintiff TPM alleged that this court has general and specific

jurisdiction over Scottsdale Mint because its contacts with this district are "substantial and continuous," and "Scottsdale Mint's contacts with Arizona are directly related to TPM's causes of action." (Doc. 1 at 6 ¶¶ 13, 15.) Scottsdale Mint is incorporated in Delaware and insists that its principal place of business is in Wyoming. (Doc. 20, Exhibit A at ¶¶ 4–5.) Scottsdale Mint acknowledges that its principal place of business used to be in Arizona, but states that it moved most of its operations to Wyoming in 2024. (Doc. 20, Exhibit A at ¶ 6.) Scottsdale Mint still has an office and mailing address in Arizona, but it claims that only two employees reside in Arizona and that only one works at its Arizona office (Doc. 20, Exhibit A at ¶ 11.) Scottsdale Mint contends that none of the allegations in Complaint were directed at this district because it is a trademark dispute between a Texas company and a Wyoming company, concerning goods sold to another Texas company. (Doc. 20 at 6.) Accordingly, Scottsdale Mint argues that it is not subject to the personal jurisdiction of the Court and that venue is improper, therefore it moved to dismiss under Federal Rules of Civil Procedure ("Rule") 12(b)(2) and 12(b)(3). (Doc. 20.)

## II. LEGAL STANDARD

Personal jurisdiction refers to the power that a court has over the parties. This jurisdiction is proper when it is provided for by law and the exercise of jurisdiction comports with due process. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Arizona has authorized its courts to exercise jurisdiction over persons "to the maximum extent permitted by . . . the United States Constitution." Ariz. R. Civ. P. 4.2(a).

Due process requires the defendant have at least "minimum contacts" with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotations omitted). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). When analyzing sufficient

minimum contacts, courts distinguish between general jurisdiction and specific jurisdiction. General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's contact with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). The court "employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state" to establish specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

A defendant may challenge venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1391. If venue is improper, the Court must either dismiss the case or, "if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). The decision whether to dismiss the case or transfer it is within the Court's discretion. *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

## III. DISCUSSION

In its motion to dismiss, Scottsdale Mint argues that the court does not have either general or specific jurisdiction. (Doc. 20 at 6.) Although TPM alleged specific jurisdiction

in its Complaint, TPM does not challenge Scottsdale Mint's argument that the Court does not have specific jurisdiction. (Doc. 27.) Scottsdale Mint argues that this constitutes waiver of this issue. (Doc. 29 at 2.) The Court finds that it does not have specific jurisdiction. TPM does not support its bare allegations that this cause of action was related to Scottsdale Mint's contacts with Arizona, and Scottsdale Mint sufficiently rebutted TPM's bare jurisdictional allegations with specific denials.

**A. The Court does not have general jurisdiction over Scottsdale Mint.**

General jurisdiction exists when a defendant's contacts with the forum state are so "continuous and systematic" that it is essentially "at home" in that state. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). An entity is "at home" in its state of incorporation and the state where it maintains its principal place of business. *Id.* And although "[t]he paradigm forums in which a corporate defendant is at home . . . are the corporation's place of incorporation and its principal place of business . . . [t]he exercise of general jurisdiction is not limited to these forums; in an exceptional case, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 413. It is undisputed that Scottsdale Mint is incorporated in Delaware, so the inquiry is whether Scottsdale Mint's principal place of business is in Arizona.

*1. Scottsdale Mint's principal place of business is in Wyoming, not Arizona.*

To determine Scottsdale Mint's principal place of business, the Court must determine Scottsdale Mint's "nerve center," where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Scottsdale Mint argues that it moved its principal place of business out of Arizona some time in 2024, before the alleged infringement of TPM's trademarks began in December 2025. (Doc. 29 at 2.) Relying on affidavits of its Chief Executive Officer, Josh Phair, Scottsdale Mint asserts that it has only two employees that reside in Arizona, that it does not manufacture or produce any products in Arizona, and that only 1% of its sales come from Arizona. (Doc. 29 at 6.)

TPM argues that, despite Scottsdale Mint's representations that it moved its operations out of Arizona, Scottsdale Mint continues to hold itself out as an Arizona company, with an Arizona headquarters, and with Arizona manufacturing. (Doc. 27 at 11.) TPM also points to Scottsdale Mint's website which described Arizona as TPM's "home base" and where Scottsdale Mint "design[s], manufacture[s], and distribute[s]" its products (Doc. 27 at 6.) TPM previously identified Scottsdale Mint's representations that Arizona was its "home base" in its Motion to Stay, and Scottsdale Mint has since removed these references from its website claiming those references to Arizona as a home base were left on the website and social media pages by mistake. (Doc. 29 at 4.) Scottsdale Mint also invoked Arizona law in its website's terms of service (also removed since identified by TPM) and in contracts with TPM from 2024 and 2025. (Doc. 27 at 11.)

Relying on *Delphix Corp. v. Embarcadero Techs., Inc.*, TPM posits that the Court must consider all of Scottsdale Mint's contacts with Arizona "prior to the filing of the lawsuit, rather than just those contacts that are related to the particular cause of action." 749 F. App'x. 502, 506 (9th Cir. 2018). In *Delphix*, an unpublished decision, the Ninth Circuit held that the general jurisdiction inquiry requires a court to look back a "reasonable time" to analyze whether an entity is at home in the forum state. *Id.* In that case, the Ninth Circuit relied on *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987), a specific jurisdiction case, to conclude that "one cannot defeat personal jurisdiction by a move away from the state in which the underlying events took place." *Delphix Corp.*, 749 F. App'x. at 505. The Court does not find this reasoning persuasive. The Ninth Circuit appears to have conflated the issues of general and specific jurisdiction to artificially create a "look-back" period that is not found in other general jurisdiction cases. *Id.* Other recent district court decisions that have considered *Delphix*'s reasoning have also found its analysis lacking and refused to apply it. *See, e.g.*, *John Brown, et al. v. VGW Holdings US Inc., et al.*, 2026 WL 2807139 at *10 (N. D. Cal., Sept. 18, 2026). For the general jurisdiction analysis, the Court will not "look back" on Scottsdale Mint's contacts with Arizona prior to the filing of this lawsuit.

Considering the well-pleaded allegations and the Phair Declaration, it is uncontroverted that Scottsdale Mint moved its headquarters and relevant decision makers out of Arizona in 2024. Scottsdale Mint has only two employees that reside in Arizona and derives only one percent of its revenue from Arizona. TPM argues that facts such as Scottsdale Mint's public facing website and social media pages describing Arizona as Scottsdale Mint's "home base" render Scottsdale Mint essentially at home in Arizona. (Doc. 27 at 11.) But these representations are not relevant as to whether Scottsdale Mint's nerve center is in Arizona. The "nerve center" of a corporation is "a single place," which is the corporation's "main headquarters." *Hertz Corp.*, 559 U.S. at 93. Scottsdale Mint's representations on its website and social media pages that Arizona is its "home base" do not change that Scottsdale Mint moved its corporate headquarters to Wyoming in 2024, at least a year before any alleged infringement on TPM's trademarks. The Court thus finds that Scottsdale Mint's principal place of business is in Wyoming.

*2. There are not exceptional circumstances that would justify the exercise of jurisdiction.*

Next, TPM argues that even if Scottsdale Mint's principal place of business is not in Arizona, the facts of this case nonetheless justify the exercise of jurisdiction. (Doc. 27 at 12.) "In an exceptional case, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co.*, 581 U.S. at 403 (citation modified). Such exceptional cases have included when a corporation temporarily moved its headquarters from the Philippines to Ohio during a war. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952).

TPM again analogizes this case to *Delphix*, an unpublished, split memorandum decision from the Ninth Circuit, to argue that this is an exceptional case that justifies the exercise of general personal jurisdiction. Even ignoring the negative treatment *Delphix* has received, the facts here are inapposite. In *Delphix*, the defendant corporation at issue had its principal place of business in California for over 20 years before it was acquired by another corporation with headquarters outside of California. *Delphix Corp.*, 749 F. App'x.

at 506. The defendant corporation in *Delphix* maintained extensive operations in California even after it was acquired. *Id.* In finding general jurisdiction, the Ninth Circuit also emphasized that the conduct underlying the dispute occurred in California. *Id.* The similarities between these cases begins and ends with the fact that both defendant corporations moved their principal place of business out of the forum state shortly before litigation began. Here, Scottsdale Mint does not maintain a significant presence in Arizona. Scottsdale Mint moved its headquarters and almost all but two of its employees out of Arizona. And unlike in *Delphix*, the alleged infringement on TPM's trademarks had no impact on Arizona; this dispute is between a Wyoming corporation and a Texas corporation regarding infringing goods sold to another Texas company. The only facts to which TPM can point as evidence of Scottsdale Mint's contacts with Arizona are Scottsdale Mint's website, articles, and social media pages that name Arizona as Scottsdale Mint's "home base." (Doc. 27 at 11.) But these representations on their own are insufficient to constitute the kind of "exceptional" circumstances that would justify the exercise of general jurisdiction. *See BNSF Ry. Co.*, 581 U.S. at 403.

The Court finds that Scottsdale Mint's contacts with Arizona are not inherently exceptional. In Arizona, Scottsdale Mint has only two employees, one office, and derives less than one percent of its annual revenue. Courts "have declined to stretch general jurisdiction beyond limits traditionally recognized" and do so only in exceptional circumstances. *Daimler AG*, 571 U.S. at 132. This case presents no such exceptional circumstances, so the Court does not have general jurisdiction over Scottsdale Mint. *See id.* The Court will dismiss this case without prejudice for lack of personal jurisdiction.

**B. Venue is also improper.**

TPM argues that venue in this district is proper under 28 U.S.C. § 1391(b)(1). Because the Court finds that it does not have personal jurisdiction over Scottsdale Mint for the reasons explained above, venue is not proper under § 1391(b)(1). Neither party moved to transfer this case to another venue. Based on the parties' filings, venue may be proper in either Texas or Wyoming. But because neither party identified a preferred forum for a

potential transfer, the Court instead exercises its discretion to dismiss this case without prejudice. *See In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d at 804.

**C. Jurisdictional discovery would be futile.**

A trial court has broad discretion as to whether to permit limited jurisdictional discovery. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). While "[d]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary," *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (citation modified), "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendant[ ], the Court need not permit even limited discovery," *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). A court also need not permit "[a plaintiff's] request for discovery . . . based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

The Court is satisfied that Scottsdale Mint has specifically rebutted TPM's unsupported personal jurisdiction allegations and will not permit jurisdictional discovery. *Pebble Beach*, 453 F.3d at 1160. TPM argues that it has produced "extensive evidence that Scottsdale Mint founded its business in Arizona, maintained its principal place of business there for over a decade, and continues to hold itself out as headquartered in Arizona to this day" (Doc. 27 at 17.) TPM seeks additional discovery to uncover the following:

> [D]ocuments and information concerning the manufacture, design, and distribution of the Infringing Rounds; the actual timeline and terms of the USGB relationship; Scottsdale Mint's Arizona-based employees and their roles; Scottsdale Mint's formation documents, business registrations, and authority to transact business in Arizona; its financial ties to the state, including banking relationships, Arizona-derived revenue, and taxes paid; and the circumstances surrounding its post-litigation alterations to its website.

(Doc. 27 at 17 n.8.)

As an initial matter, many of the desired documents such as those "concerning the manufacture, design, and distribution of the Infringing Rounds," relate only to whether the Court has specific jurisdiction, an issue which TPM did not address in responding to the Motion to Dismiss. (*Id.*) This indicates to the Court that discovery into such matters is based on speculation and hunches that are not grounds for granting even limited discovery. *Boschetto*, 539 F.3d at 1020. The remaining issues are a fishing expedition to uncover facts that are not relevant to whether the court has general jurisdiction over Scottsdale Mint. Regardless of the fruit of such an expedition, the deciding issue remains the same: whether Scottsdale Mint moved its principal place of business to Wyoming or whether extraordinary circumstances exist that would justify the exercise of general jurisdiction. TPM has not made the requisite showing that the desired documents and information would be material to either determination, and its request will be denied.

## IV. CONCLUSION

TPM has failed to make a prima facie showing that Scottsdale Mint has extensive contacts with Arizona such that it is essentially at home in this forum. The Court also finds jurisdictional discovery would be unnecessary because TPM fails to allege which specific facts would lead the Court to a finding that general jurisdiction over Scottsdale Mint exists. To allow such discovery at this stage would result in wasted resources for all parties, especially where neither party claims no forum has personal jurisdiction over Scottsdale Mint as it relates to these causes of action.

Accordingly,

**IT IS HEREBY ORDERED granting** Defendant Scottsdale Mint, LLLP's Motion to Dismiss (Doc. 20) and dismissing this case without prejudice.

…

…

…

…

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 5th day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge